**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel Prado, an individual, and Sandy Kreiman, an individual, | No. CV-11-00371-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Cunningham & Associates, Inc., an Arizona corporation, | |
| Defendant. | |
| Cunningham & Associates, Inc., an Arizona corporation, | |
| Counterclaimant, | |
| v. | |
| Gabriel Prado, an individual, | |
| Counter-defendant. | |
| Cunningham & Associates, Inc., an Arizona corporation, | |
| Third-Party Plaintiff, | |
| v. | |
| Auction Nation LLC, an Arizona limited liability company, | |
| Third-Party Defendant. | |

| | |
|---|---|
| 1 | Auction Nation LLC, an Arizona limited liability company, |
| 2 | |
| 3 | Third-Party Counterclaimant, |
| 4 | v. |
| 5 | Cunningham & Associates, Inc., an Arizona corporation, |
| 6 | |
| 7 | Third-Party Counter-defendant |

Pending before the Court are the following motions filed by Third-Party Plaintiff/Third-Party Counter-defendant Cunningham and Associates, Inc. ("Cunningham"): (1) Motion for Judgment on the Pleadings and Motion to Remand (Doc. 19) and (2) Motion to Amend Reply to Third-Party Counterclaim (Doc. 32). For the following reasons, we grant Cunningham's Motion for Judgment on the Pleadings and remand this case to state court. We deny Cunningham's Motion to Amend as moot.

**BACKGROUND**

In the original complaint filed in small claims court, Plaintiff Gabriel Prado alleged that Cunningham reneged on payment for services rendered including photographing and describing materials for Cunningham to use in an on-line auction for HD Steel. (Doc. 1, Ex. A). Cunningham brought counterclaims for breach of contract, misappropriation of trade secrets and breach of fiduciary duty against Prado, stemming from Cunningham's assertion that Prado produced substandard work. Cunningham also filed a Third-Party Complaint, alleging misappropriation of trade secrets against Auction Nation LLC ("Auction Nation"), of which Prado is the sole member and manager. Because the damages sought in these claims exceeded $10,000, the case was removed to

2

the Superior Court of Arizona. Auction Nation then brought a Third-Party Counterclaim against Cunningham for copyright infringement and removed the case to federal court asserting that this Court has federal question jurisdiction. (Doc. 5); (Doc. 1, Ex. B).

Auction Nation's counterclaim alleges the following. Auction Nation contracts with companies to facilitate on-line auctions. (Doc 5). On or about November 6, 2010, Auction Nation started work as an independent contractor on behalf of Cunningham to set up an auction for HD Steel. Auction Nation completed its work for Cunningham on or about November 12, 2010. Auction Nation prepared photographs and written descriptions for items to be auctioned during the HD Steel auction. Cunningham received the copyrighted photographs and descriptions but did not pay for them at that time. Once the auction began, Auction Nation learned that Cunningham was using Auction Nation's copyrighted photographs and descriptions without payment or license.[1] Auction Nation again demanded payment but Cunningham refused.

On February 24, 2011, Auction Nation filed a counterclaim against Cunningham under the Copyright Act, 17 U.S.C. § 101 *et seq*. In response, Cunningham filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) and a Motion for Remand pursuant to 28 U.S.C § 1447(c). (Doc. 19). Cunningham based its motion on a fact outside Auction Nation's pleadings, and therefore, the Court notified the parties of its intent to convert the 12(c) motion into a motion for summary judgment pursuant to Rule 12(d). Auction Nation was provided a "reasonable opportunity to

---

[1] Although Auction Nation asserted in its counterclaim (Doc. 5) that Cunningham used the provided materials without license, Auction Nation conceded in its Response to the Motion for Judgment on the Pleadings (Doc. 19) and in its 12(d) statement (Doc. 34) that there was an implied license agreement.

3

present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). In its Rule 12(d) statement, Auction Nation argues that "Cunningham's Motion for leave to Amend – and the Amended Reply itself – create a procedural quandary." (Doc. 34). Auction Nation says "[t]he pleadings at best now are a moving target, and at worst, Cunningham's Motion is premised on a superseded pleading." On these grounds, Auction Nation requests that this Court deny Cunningham's Motion for Judgment on the Pleadings and allow Cunningham to file a motion for summary judgment.

The Court rejects Auction Nation's argument because Cunningham's proposed amended Answer does not affect this Court's decision, as discussed in detail below. In any event, Cunningham's Motion for Judgment on the Pleadings necessarily assumed that, "taking all the allegations in [Auction Nation's] pleadings as true, [Cunningham was] entitled to judgment as a matter of law." *Fajardo v. Cnty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999); *see Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004) (stating that in ruling on a 12(c) motion the court must accept as true all allegations in the plaintiff's pleadings and treat as false the allegations in the defendant's answer that contradict the plaintiff's allegations). Thus, Cunningham's motion was in no way "premised on a superseded pleading" as Auction Nation suggests because the 12(c) motion was based on Auction Nation's pleadings. Because the Court considers evidence outside of the pleadings, including the supplemental materials provided by Auction Nation, Cunningham's motion is treated as one for summary judgment.

**DISCUSSION**

I. **Motion for Summary Judgment**

   A. **Legal Standard**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). Substantive law determines which facts are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson,* 477 U.S. at 248). Thus, the nonmoving party must show that the genuine factual issues "'can be resolved only by a finder of fact *because they may reasonably be resolved in favor of either party*.'" *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson*, 477 U.S. at 250).

   B. **Analysis**

Cunningham asserts that Auction Nation may not raise a copyright infringement claim because Auction Nation granted Cunningham an implied nonexclusive license to use the materials created for the on-line auction. (Doc. 19). Although Auction Nation to some extent raises the argument that Cunningham failed to assert this affirmative defense in its answer pursuant to Federal Rule of Civil Procedure 8(c), Auction Nation

nevertheless concedes that it granted a nonexclusive license to Cunningham in its Response to Cunningham's Motion for Judgment on the Pleadings and again in its Rule 12(d) statement, stating that it is "beyond dispute" that there was an implied license and that Auction Nation created and distributed copyrighted materials at Cunningham's request with the intent that Cunningham would use the materials in the on-line auction of HD Steel. (Docs. 20 & 34). Furthermore, Cunningham raised the affirmative defense in its first amended answer to Auction Nation's counterclaim, to which Auction Nation filed a notice of no objection. (Docs. 32 & 33). However, Auction Nation contends that, even so, it may raise a copyright infringement claim when there has been a "total failure in the performance of the contract." (Doc. 20 (quoting *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 586 (9th Cir. 1993))).

A copyright infringement claim does not exist as a matter of law when the licensor grants an implied nonexclusive license to the licensee, unless the licensor terminates the agreement, *see Rano*, 987 F.2d at 586 ("After the agreement is terminated, any further distribution would constitute copyright infringement."), or the licensee otherwise exceeds the scope of the agreement, *see Effects Assocs*., *Inc. v. Cohen*, 908 F.2d 555, 558 n.5 (9th Cir. 1990) (explaining that a party may be liable for copyright infringement when the use of the copyrighted materials exceeded the scope of the implied license (citing *Oddo v. Ries*, 743 F.2d 630, 634 (9th Cir. 1984))). Relying on *Rano*, Auction Nation argues that Cunningham materially breached the implied license agreement by failing to pay Auction Nation for the materials it produced for the HD Steel auction, and therefore Auction Nation is entitled to sue for copyright infringement. (Doc. 34).

Auction Nation's reliance on *Rano* is misplaced. Auction Nation suggests that a material breach alone gives rise to a copyright infringement claim. (Doc. 20). However, it is clear from *Rano* that a material breach, a subsequent, explicit rescission of the agreement by the non-breaching party and the breaching party's continued unauthorized use of the copyrighted materials after rescission are all needed for a copyright claim. *See Rano*, 987 F.2d at 586 ("a material breach of a licensing agreement gives rise to a right of rescission which allows the nonbreaching party to terminate the agreement").

In its brief, Auction Nation quotes the following language from *Rano*: "when there is a 'total failure in the performance of the contract' by the breaching party, 'any further distribution would constitute copyright infringement.'" (Doc. 20 (quoting *Rano*, 987 F.2d at 586)). In making this assertion, counsel for Auction Nation misrepresents the outcome determinative language that drives the court's holding in *Rano*. The actual holding of *Rano* reads "[a]fter the agreement is terminated, any further distribution would constitute copyright infringement." 987 F.2d at 586. In *Rano*, the Plaintiff explicitly terminated his agreement with the defendant. *Id.* at 583 ("[The plaintiff] informed [the defendant] that he 'did not authorize [defendant] to sell any more of [his] photographs.'"). Thus, if a material breach had existed, the plaintiff in *Rano* could have brought a copyright infringement claim because "it [was] clear that [the plaintiff] attempted to rescind the agreement." *Id.* at 586.

Auction Nation does not have a copyright infringement claim because even though Cunningham used Auction Nation's materials in its online auction of HD Steel without paying for them, which is a material breach, Auction Nation does not allege any facts or

make any argument to suggest that it terminated its agreement with Cunningham prior to Cunningham's use of Auction Nation's copyrighted materials in the HD Steel auction. (Docs. 5 & 34). Auction Nation cites two emails it sent to Cunningham regarding the HD Steel auction, but both fail to establish that Auction Nation rescinded the license it granted Cunningham to use its copyrighted materials. The first email, dated November 15, 2010, states in part: "I don't think it will be a good idea for me to set-up any more on-site auctions . . . I would like to work out the payment arrangements on this before hand (sic)." (Doc. 35, Ex. 1). The second email, dated November 18, 2010, states in part: "I see the auction is up and online . . . I will stop by tomorrow to pick up the check for HD Steel." (*Id.*, Ex. 3). Neither of these emails constitutes a clear attempt to rescind the agreement. *See Rano*, 987 F.2d at 583, 586; *see also Fairview Dev. Corp. v. Aztex Custom Homebuilders, LLC*, 2009 WL 529899, at *13 (D. Ariz. Mar. 03, 2009) ("[A] notice of rescission must be clear and unambiguous, conveying the unquestionable purpose to terminate a contract.").

Auction Nation's reliance on *Atkins v. Fischer*, 331 F.3d 988 (D.C. Cir. 2003), is similarly misplaced. At issue in *Atkins* was not whether the breaching party failed to perform all of its duties, but rather whether there was an implied grant of a nonexclusive license and if so, whether the licensee used the materials beyond the scope agreed upon by the parties. *Id.* at 992. In the present case, Auction Nation concedes that it granted a nonexclusive license to Cunningham to use the materials Auction Nation created for the auction. Moreover, Auction Nation does not assert, let alone direct the Court to admissible evidence to support a claim, that Cunningham used the pictures and

descriptions for its online auction of HD Steel beyond the scope of the implied license. Auction Nation also fails to cite to any admissible evidence that would support a claim that it terminated the agreement. Rather, Auction Nation simply argues that Cunningham did not pay for the work. (Docs. 5 & 34). A "mere allegation of breach of contract does not create federal jurisdiction, even if the contract involves copyright." *Rano*, 987 F.2d at 584. Accordingly, because Auction Nation has failed to provide sufficient evidence to withstand summary judgment on its copyright infringement claim, Cunningham's motion is granted.

## II. Motion to Remand

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court "must" dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

The sole basis for federal jurisdiction was Auction Nation's assertion of a copyright infringement claim. (Doc. 1). For the reasons stated above, the Court dismisses that claim. Thus, the Court lacks jurisdiction to hear the remaining claims. Accordingly, the case is remanded to state court. *See Effects Assocs.*, 908 F.2d at 559. ("Copyright ownership is comprised of a bundle of rights; in granting a nonexclusive license to Cohen, Effects has given up only one stick from that bundle—the right to sue Cohen for

copyright infringement. It retains the right to sue him in state court on a variety of other grounds, including breach of contract.").

**IT IS HEREBY ORDERED**:

1. Cunningham's Motion for Summary Judgment (Doc. 19) is **granted**. The Clerk of the Court is directed to **remand** this case to state court.

2. Cunningham's Motion to Amend (Doc. 32) is **denied as moot**.

DATED this 15th day of July, 2011.

*G. Murray Snow*
G. Murray Snow
United States District Judge